1  ALEX G. TSE (CABN 152348)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  SAMANTHA SCHOTT (NYBN 5132063)
   Special Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        samantha.schott@usdoj.gov
8
   Attorneys for United States of America
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 11-0244 PJH |
| Plaintiff, | **[PROPOSED] ORDER OF DETENTION** |
| v. | |
| ANTHONY DELK, | |
| Defendant. | |

The parties appeared before the Honorable Kandis A. Westmore on October 29, 2018, for a detention hearing on a supervised release violation petition, following the arrest of defendant, Anthony Delk. At the hearing, the government moved to detain Delk, arguing that Delk could not meet his burden of demonstrating by clear and convincing evidence that he is not a risk of non-appearance or a danger to another person. Both parties proffered information for the Court to consider in reaching a decision on the detention motion. The United States Probation Officer also recommended that Delk be detained, due to the danger he poses to others.

Delk opposed the detention motion and asked to be released from custody. This was Delk's first alleged violation after approximately two and a half years on supervision. He argued that he has been communicating regularly with his assigned Probation Officer. He noted that he self-surrendered to

1

address the issue once he learned of it from his probation officer. He also noted that he has been working full time for approximately a year, supporting his family, and has the support of his employer; he read a letter from his supervisor describing him as a family man who is reliable and hardworking. Delk argued that he had been successful on supervised release up to this point, and that his wife, with whom he lived for the last two and a half years up to the time of his arrest in Contra Costa County, would be an appropriate surety. Delk's counsel further noted that Delk was likely to take responsibility for driving while intoxicated. Delk asserted, however, that the firearm recovered from Delk's car may not have belonged to Delk, according to the defense's preliminary investigation of the matter.

In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community. Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); United States v. Loya, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers, as well as information regarding Delk's criminal history, the Court finds that Delk has not met his burden to provide clear and convincing evidence that he does not pose a danger to any other person or the community. The Court therefore orders Delk detained, but the detention decision is made without prejudice. If Delk is able to suggest conditions that could mitigate the danger that he poses to the community, he may re-raise the detention issue with the Court.

In considering the Court's record and the information presented at the hearing, the Court finds that Delk did not meet his burden to provide clear and convincing evidence that he is not a danger at this time because: (1) this petition alleges that Delk drove his vehicle while intoxicated and crashed his car into an occupied vehicle, and when Delk's car was searched during his arrest, he was found in possession of a firearm, which creates a presumption in favor of detention; (2) this petition alleges that there was no one else in Delk's car at the time of his arrest, and the gun was found in a hidden compartment inside the car; (3) Delk is currently being supervised following a 2011 conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); (4) Delk was also convicted in 2008 in Contra Costa County Superior Court for being a felon in possession of a firearm. The Court is

particularly concerned that despite his history of firearms possession and supervised release for one such conviction, Delk continues to possess firearms, making him a danger to the community. The Court finds that having Delk's wife sign a bond as surety on Delk's behalf would not mitigate the risk he poses to the community.

Accordingly, the defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 10/31/18

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge